1    BARRY J. PORTMAN
     Federal Public Defender
2    ANGELA M. HANSEN
     Assistant Federal Public Defender
3    555 - 12th Street, Suite 650
     Oakland, CA 94607-3627
4    Telephone:  (510) 637-3500

5    Counsel for Defendant LEAUPEPE

6

7                        UNITED STATES DISTRICT COURT

8                      NORTHERN DISTRICT OF CALIFORNIA

9                              OAKLAND DIVISION

10   UNITED STATES OF AMERICA,        )        No. CR-09-00874 SBA
                                      )
11            Plaintiff,              )        STIPULATED REQUEST TO CONTINUE
                                      )        HEARING DATE TO FEBRUARY 16,
12       v.                           )        2010 AND TO EXCLUDE TIME UNDER
                                      )        THE SPEEDY TRIAL ACT AND  ORDER
13                                    )
     JEREMIAH LEAUPEPE,               )
14                                    )        Hearing Date: January 12, 2010
              Defendant.             )        Time:          9:00 a.m.
15                                    )
     _____)
16

17       The above-captioned matter is set on January 12, 2010 before this Court for a status

18   hearing.  The parties jointly request that the Court continue the matter to February 16, 2010 at

19   9:00 a.m., and that the Court exclude time under the Speedy Trial Act, 18 U.S.C. §§

20   3161(h)(7)(A) and (B)(iv), between the date of this stipulation and February 16, 2010.

21       On August 27, 2009, the Grand Jury charged Mr. Leaupepe with possession with intent

22   to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  He is subject to a

23   mandatory minimum sentence of 10 years, and a statutory maximum of life imprisonment.

24       The current status of the case is that the parties are negotiating this matter and anticipate

25   that there will be a negotiated disposition of the case.  In the meantime, the government has

26   produced discovery and plans to produce additional information for the defense, including a

video of the defendant during the alleged offense. The defense will need time to review and process this new information. Additionally, the defense conducted an evidence view with the government on January 5, 2010, and the parties are still working to schedule a second viewing of the drug evidence. It is anticipated that this evidence view will take place the week of January 25, 2010, when all parties are available. The defense also requires additional time to investigate the circumstances of the offense and time to collect Mr. Leaupepe's prior conviction records to prepare an estimate of his anticipated Guidelines range.

Finally, defense counsel is unavailable the week of January 11, 2010 due to a trial set before the Honorable Claudia Wilken (*United States v. Beltran-Chavez*, CR-09-228-CW) and also unavailable the week of February 8, 2010 due to a trial set before this Court (*United States v. Jerry Buttner*, CR-08-404 SBA). Defense counsel will not be in a position to work on this case during those time frames.

The requested continuance will allow the defense to complete its review of the discovery and to inspect the drug evidence, to investigate the underlying facts of the case, and to obtain and review additional records. For this reason, the parties agree that the failure to grant this continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The parties also agree that because of defense counsel's unavailability in mid-January and early February, the failure to grant this continuance would unreasonably deny defendant continuity of counsel.

The parties further stipulate and agree that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial. Accordingly, the parties agree that the period of time from the date of this Stipulation to February 16, 2010, should be excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv) for continuity of defense counsel and also for effective preparation of defense counsel, taking into account the exercise of due diligence.

DATED: January 6, 2010 _____/S/_____
                                    DOMINIQUE THOMAS
                                    Assistant United States Attorney


DATED: January 6, 2010 _____/S/_____
                                    ANGELA M. HANSEN
                                    Assistant Federal Public Defender


<u>SIGNATURE ATTESTATION</u>

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

# ORDER

Based on the reasons provided in the stipulation of the parties above, the Court hereby FINDS:

1.       Given that the government plans to produce additional discovery, including a video of the defendant during the alleged offense, and defense counsel's need to review the new discovery and to discuss it with her client;

2.       Given that the parties have conducted one evidence view and plan to schedule a second evidence view for the drug evidence the week of January 25, 2010;

3.       Given that the defense needs additional time to continue to investigate the underlying facts of the case and to obtain additional records to calculate defendant's sentencing Guidelines range;

4.       Given that these above-listed tasks are necessary to the defense preparation of the case and that the failure to grant the requested continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

5.       Given that defense counsel will be in trial and unavailable the week of January 11, 2010, and also the week of February 8, 2010, and will not be in a position to work on this case during those weeks, and that the failure to grant this continuance would unreasonably deny defendant continuity of counsel;

6.       Given that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial;

Based on these findings, IT IS HEREBY ORDERED that the STATUS date of January 12, 2010 scheduled at 9:00 a.m., before the Honorable Saundra Brown Armstrong, is vacated and reset for February 16, 2010, at 9:00 a.m.  It is FURTHER ORDERED that time is excluded pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), from the date of this Stipulation to February 16, 2010.

1

2

DATED:_1/11/10_____

3
HON. SAUNDRA BROWN ARMSTRONG
United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26